OPINION
{¶ 1} Defendant-appellant, Robert Tuemler, appeals the decision of the Warren County Court ordering him to pay restitution pursuant to R.C.2929.28. We affirm in part, and reverse in part, the decision of the trial court.
 {¶ 2} On January 23, 2004, appellant was involved in an auto accident with Carl Peterson. Peterson's 1989 Ford F250 was damaged in the accident, and appellant was cited at the scene for improper backing in violation of R.C. 4511.38.
 {¶ 3} At the time of the accident, appellant was insured by Great West Casualty Company ("Great West"). In the interim between the accident and appellant's criminal trial, Crawford and Company ("Crawford"), an independent insurance adjusting firm working on behalf of Great West, contacted Peterson and made a civil settlement offer.
 {¶ 4} In a letter dated February 13, 2004, Crawford informed Peterson that an offer was currently open in which Peterson would receive $2,000 and would be allowed to retain his vehicle as salvage. The $2,000 offer was, according to the letter, 50 percent of the total value of the loss of his vehicle. Peterson accepted the offer, and on March 31, 2004, signed a release of all claims.
 {¶ 5} On April 20, 2004, the Warren County Court found appellant guilty of improper backing, entered judgment against him, and ordered a hearing to determine restitution.
 {¶ 6} At the restitution hearing, several relevant documents were offered into evidence. The February 13 letter from Crawford to Peterson detailing the initial settlement offer; an agreement of salvage retention, dated March 29, 2004, in which the truck appears to have been assigned an unspecified salvage value that was deducted from the vehicle's total value; and the release of all claims form, in which the truck is not mentioned, and $2,000 appears to be the full settlement amount.
 {¶ 7} At the conclusion of the hearing, the trial court ordered appellant to pay $4,000 in restitution, with a $2,000 credit to be applied for the settlement payment already made by Great West.
 {¶ 8} On appeal, appellant raises the following single assignment of error:
 {¶ 9} "In ordering defendant/appellant Robert Tuemler to make restitution to carl peterson, the trial court erred by failing to give effect to an agreement in which Mr. Peterson had waived his right to restitution in exchange for monetary considerations. further, in establishing an amount of restitution, the trial court erred by setting an amount that was arbitrary and unsupported by the evidence."
 {¶ 10} Appellant's first contention is that the trial court erred in ordering restitution because appellant's insurer, Great West, negotiated an agreement with Peterson that became a full and final settlement of all claims arising out of the accident. According to appellant, Peterson waived any right to restitution when he agreed to a civil settlement.
 {¶ 11} We begin our analysis of appellant's argument with the following relevant statutory provisions. R.C. 2929.28 provides that a "court imposing a sentence upon an offender for a misdemeanor * * * may sentence the offender to any financial sanction or combination of sanctions authorized under this section." The statute then goes on to list "[r]estitution by the offender to the victim of the offender's crime * * *" as one of the permissible financial sanctions. R.C. 2929.28(A)(1).
 {¶ 12} When ordered, restitution must be based upon the victim's economic loss, and "[a]ll restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim * * * against the offender." Id.
 {¶ 13} In interpreting the foregoing provisions, the Fifth District Court of Appeals has held that a court "can order restitution regardless of [a] civil suit settlement as long as it credits any amounts paid toward its determination of economic loss." State v. Gray (Feb. 18, 2003), Belmont App. No. 02 BA 26, 2003-Ohio-805, ¶ 21. We agree with, and adopt, the Fifth Appellate District's holding in Gray for the following two reasons.
 {¶ 14} Appellant was ordered to pay restitution as part of his sentence for the commission of a crime, and a crime is an offense against the state, not an individual. See Black's Law Dictionary (4 Ed. 1990) 370. R.C. 2929.28 empowers a court, in an exercise of its sentencing discretion, to order restitution as part of a criminal sentence. Consequently, appellant's contention that Peterson waived his right to restitution when he entered into a civil settlement is not well-taken.
 {¶ 15} Appellant's second contention is that the trial court erred in calculating the amount of restitution to be paid. According to appellant, the court based its calculation on little or no information, and upon improper hearsay. We agree, in part, with appellant's second contention.
 {¶ 16} When determining restitution, a court's calculation "must be supported by competent, credible evidence from which [it] can discern the amount of the restitution to a reasonable degree of certainty." State v.Gears (1999), 135 Ohio App.3d 297, 300. The court "may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.28(A)(1).
 {¶ 17} The court may also rely upon hearsay. "Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for * * * sentencing * * *." State v. Cook (1998),83 Ohio St.3d 404, 425. A hearing to determine restitution is part of sentencing. Consequently, an ordering court is not restricted by the Rules of Evidence, including the prohibition on hearsay, in determining the amount of a restitution order.
 {¶ 18} In the instant case, the trial court ordered appellant to pay Peterson $4,000, then gave him $2,000 as a credit for the amount Peterson received as part of the civil settlement. In reaching its decision, the court indicated that it based its decision primarily upon the February 13 letter from Crawford to Peterson.
 {¶ 19} We find the trial court based its $4,000 total calculation upon competent, credible evidence when it relied upon the $4,000 value assigned by Crawford in the February 13 letter. Cf. State v. Call (Oct. 25, 2004), Marion App. No. 9-04-29, ¶ 8 (finding a letter from an insurance company competent, credible evidence for determining restitution).
 {¶ 20} We also find the court properly credited appellant $2,000 for the amount Peterson received from the civil settlement. The February 13 letter indicates the $2,000 offer was 50 percent of Peterson's total loss. The trial court erred, however, in failing to make a finding of the salvage value for Peterson's truck, and in failing to credit appellant accordingly.
 {¶ 21} The testimonial and documentary evidence submitted at the restitution hearing indicates Peterson's truck has some salvage value above $0. Consequently, we remand with instructions for the trial court to hold an evidentiary hearing to determine, with a reasonable degree of certainty, the salvage value of Peterson's truck. Once that value is determined by competent, credible evidence, the trial court is instructed to credit appellant and adjust the $2,000 restitution order accordingly.
 {¶ 22} Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Young and Bressler, JJ., concur.