[Cite as *Strongsville v. Kane*, 2012-Ohio-3372.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97765**

# CITY OF STRONGSVILLE

PLAINTIFF-APPELLEE

vs.

# DAVID KANE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Berea Municipal Court
Case No. 10 CRB 01289

**BEFORE:** S. Gallagher, J., Cooney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEYS FOR APPELLANT**

James P. Celebrezze
Nicholas J. Celebrezze
Jeffrey A. Crossman
The Celebrezze Group, LLC
5546 Pearl Road
Parma, OH   44129


**ATTORNEY FOR APPELLEE**

George F. Lonjak
City of Strongsville Prosecutor
614 Superior Avenue
Suite 1310
Cleveland, OH   44113

**Also listed:**
**For Berea Municipal Court Probation Department**

Gregory Sponseller
Director of Law
City of Berea - City Hall
11 Berea Commons
Berea, OH   44017

SEAN C. GALLAGHER, J.:

{¶1} Appellant David Kane appeals the order of restitution imposed after his no contest plea and finding of guilt to the misdemeanor offense of criminal mischief. For the following reasons, we overrule the two assigned errors and affirm the decision of the trial court.

{¶2} Strongsville charged Kane with a single count of criminal mischief in violation of Strongsville Codified Ordinances 642.11(A)(1), for acts that occurred on or about April 20, 2010. On that day, the victim alleged that Kane damaged her fence, which separated Kane's and her properties. The victim presented video evidence of Kane damaging one of the boards on the slatted fence. Kane pleaded no contest and was found guilty. He was sentenced to five years of community control sanctions as a form of probation. Initially, the court postponed making a determination on restitution.[1] The trial court ultimately imposed restitution as a criminal sanction in the amount of $1,808. In order to substantiate the amount of restitution, the victim presented an estimate to repair the fence that included the repair to one support post and the cost to

---

[1] The trial court delayed ruling because it was aware that a civil case had been filed involving these same parties over this same fence in Cuyahoga C.P. No. CV-748673. Initially, the trial court intended to wait until resolution of that case before determining restitution, but later decided to proceed. The facts or merits of that civil case are not in the record before us, and we do not consider them in this opinion. Likewise, any entitlement to a "set off" or redetermination of the restitution amount ordered as a result of that case is not before us at this time.

replace and repair 169 boards along both sides of the fence. Kane objected to the estimate as hearsay and also as exceeding the damage caused by the crime for which he was charged. The victim stated the damage represented by the repair estimate occurred over the course of several months.

{¶3} Kane timely appealed, raising two assignments of error. Kane's first assigned error provides as follows: "The trial court committed reversible error by admitting hearsay evidence on the issue of damages." Kane's argument lacks merit.

{¶4} The victim in this case, Jennifer Coulter, appeared at the restitution hearing and offered an estimate from Great Home Improvement for the repair of 133 boards on Coulter's side of the property and 36 boards on Kane's side of the property. A representative from the fence company did not appear or offer any additional evidence. Rather, Coulter in an exhaustive restitution hearing that stretched to 49 pages of transcript, outlined the specific details in the estimate. Further, her testimony revealed she selected the company that offered an estimate based on damage repair rather than complete fence replacement, which was, she indicated, from other companies she contacted, often the industry standard.

{¶5} Ohio courts have long recognized that

> When determining restitution, a court's calculation must be supported by competent, credible evidence from which it can discern the amount of the restitution to a reasonable degree of certainty. The court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information. Ohio Rev. Code Ann. § 2929.28(A)(1). The court may also rely upon hearsay. Ohio R. Evid. 101(C) excepts application of the

Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for sentencing. A hearing to determine restitution is part of sentencing. Consequently, an ordering court is not restricted by the Rules of Evidence, including the prohibition on hearsay, in determining the amount of a restitution order.

*State v. Tuemler*, 12th Dist. No. CA 2004-06-068, 2005-Ohio-1240, ¶ 16-17.

{¶6} We find that Coulter's testimony was both competent and credible. The use of admissible hearsay testimony, coupled with Coulter's detailed description of the fencing and the damage, did not render the trial court incapable of making an informed decision. Thus we reject this assigned error.

{¶7} Kane's second assignment of error provides as follows: "The trial court committed reversible error by ordering restitution that was not reasonably related to the offense charged." This argument also lacks merit.

{¶8} "[W]e review a lower court's order of restitution for an abuse of discretion." *State v. Lalain*, 8th Dist. No. 95857, 2011-Ohio-4813, citing *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995). "[T]he term 'abuse of discretion' implies that the court's attitude was unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶9} Pursuant to R.C. 2929.28(A)(1), when a court imposes restitution as part of a criminal sanction for misdemeanor offenses, "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." The amount of restitution must be

reasonably related to the loss suffered and is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. *State v. Moore-Bennett*, 8th Dist. No. 95450, 2011-Ohio-1937, ¶ 18. "A trial court abuses its discretion in ordering restitution in an amount that exceeds the economic loss resulting from the defendant's crime." *Moore-Bennett,* citing *State v. Rivera*, 8th Dist. No. 84379, 2004-Ohio-6648, ¶ 12.

{¶10} We first note that Strongsville Codified Ordinances 642.11(A)(1) does not have a monetary limit. Thus, our analysis is confined to a determination of whether the restitution order exceeds the economic loss suffered by the victim that was directly related to the defendant's crime. Therefore, the trial court was required to determine if the testimony and estimate Coulter provided were reasonably related to Kane's criminal conduct.

{¶11} Kane objected to the amount of restitution before it was imposed, and there is no indication in the record that restitution was included in the plea deal. Absent a transcript of the plea hearing, we must presume regularity in the proceedings. *Knapp v. Edwards Laboratories*, 161 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). The trial court overruled Kane's objection under the guise of settling all issues regarding the fence in one proceeding.

{¶12} Kane was charged with one count of criminal mischief, in violation of Strongsville Codified Ordinances 642.11(A)(1), for acts that occurred on or about April 20, 2010. The complaint asserted that "[Kane] did, without privilege to do so,

knowingly move, deface, damage, destroy, or otherwise improperly tamper with the property of Jennifer Coulter."

**{¶13}** Kane pleaded no contest to the charges as alleged in the complaint. It is uncontested that a videotape showing Kane damaging one board on the fence on April 20, 2010, was submitted by Coulter to police and formed the basis for this charge. While we have no record before us outlining the factual basis for the plea, we note that Coulter testified at the restitution hearing that the damage to her fence, demonstrated by the repair estimate, occurred over a period of several months and was not limited to the single day that Kane was found to have damaged the fence. Nevertheless, despite the fact that the prosecutor failed to charge the offense as a range of dates or move the court to conform the complaint to the facts presumably outlined at the time of the no contest plea to a range of dates rather than April 20, 2010, we cannot find that the court ordered restitution that exceeded the economic loss resulting from Kane's criminal conduct. While Strongsville should have ideally included allegations of conduct that occurred over the five-month period preceding the April 20, 2010 date of offense, the inference of ongoing damage based on the uncontroverted testimony of Coulter at the restitution hearing does not make the trial court's order of restitution contrary to law.

**{¶14}** Kane's second assignment of error is therefore overruled, and the trial court's imposition of restitution is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KENNETH A. ROCCO, J., CONCUR