[Cite as *Cleveland v. Figueroa*, 2022-Ohio-4012.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                                              No. 111267

    v.                            :

ISABEL FIGUEROA,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 10, 2022

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021 CRB 008738

---

### *Appearances:*

Mark Griffin, City of Cleveland Law Director, and Matt
Bezbatchenko, Assistant City Prosecutor, *for appellee.*

Wargo Law, LLC, and Leslie E. Wargo, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Isabel Figueroa appeals from the municipal court's judgment entry of conviction ordering her to pay the victim $1,800 in restitution for scratching the victim's car with an object. For the reasons that follow, we affirm.

{¶ 2} In August 2021, Figueroa was charged with criminal damaging, a second-degree misdemeanor violation of Cleveland Codified Ordinances 623.02. As part of a plea deal with the city, she pleaded guilty to an amended charge of attempted criminal damaging, a third-degree misdemeanor. Following Figueroa's guilty plea, the city prosecutor advised the court that the city was not requesting any jail sentence or fine, but requesting that Figueroa pay restitution to the victim. The trial court continued the case for sentencing for the purposes of determining the amount of restitution.

{¶ 3} On January 5, 2022, the trial court considered the matter for sentencing. At the hearing, the city presented an itemized written estimate in the amount of $3,692.09 that represented the victim's request for restitution. Figueroa objected to the restitution amount contending that the victim did not actually pay anything out of pocket, and the estimate included repairs to damages not caused as a direct result of Figueroa's conduct. The trial court continued the matter again for a restitution hearing.

{¶ 4} On January 12, 2022, the trial court conducted a hearing on restitution. At this hearing, the city presented another written estimate provided by the victim in the amount of $1,800 — only representing the costs to repair the damages to the victim's car as a direct result of Figueroa's conduct. The prosecutor advised the court that the victim has "full coverage" car insurance, with a deductible of $500, but that the victim did not make an insurance claim to cover the damages.

{¶ 5} Figueroa again objected to the amount of restitution contending that restitution is based on the victim's economic loss, and in this case, the victim's economic loss would be her total expenses, less any payments by her insurance company. (Tr. 4.) When the trial court noted that the victim had not received any payments from her insurance company to offset any restitution amount, Figueroa requested the court to consider the victim's insurance coverage as a factor in determining the victim's economic loss. (Tr. 4.) She also asked that the trial court to consider her ability to pay restitution, noting her monthly income.

{¶ 6} Following a victim impact statement and Figueroa's allocution, the trial court sentenced Figueroa to sixty days in jail, with the days suspended, and ordered her to serve one year of active probation, have no contact with the victim, and pay the victim $1,800 in restitution.

{¶ 7} Figueroa now appeals, contending in her sole assignment of error that the trial court committed error with its order of restitution because the amount was not supported by competent and credible evidence.

{¶ 8} We review misdemeanor restitution orders for an abuse of discretion. *Strongsville v. Kane*, 8th Dist. Cuyahoga No. 97765, 2012-Ohio-3372, ¶ 8. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *State v. Montgomery*, Slip Opinion No. 2022-Ohio-2211, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion occurs when "a court exercise[es] it's judgment, in an unwarranted way[.]" *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304,

187 N.E.3d 463, ¶ 35. However, "a court does not have discretion to misapply the law." *Id.* at ¶ 38 (courts apply a de novo standard when reviewing an issue of law).

{¶ 9} R.C. 2929.28(A)(1) provides a statutory mechanism for ordering restitution in misdemeanor cases, allowing a court to impose financial sanctions on a criminal offender that include "'restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss.'" *Centerville v. Knab*, 162 Ohio St.3d 623, 2020-Ohio-5219, 166 N.E.3d 1167, ¶ 19, quoting R.C. 2929.28(A)(1). In determining the appropriate amount of restitution, "the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information[.]" R.C. 2929.28(A)(1); *see also State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, paragraphs one and two of the syllabus. The ordered amount, however, cannot "exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28(A)(1). Moreover, the amount of the restitution imposed "'must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty.'" *State v. Johnson*, 2018-Ohio-3670, 119 N.E.3d 914, ¶ 55 (8th Dist.), quoting *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist.1999).

{¶ 10} Figueroa contends that the restitution amount is unsupported by competent and credible evidence because the city did not create a foundation to

support the written estimate that depicted the cost to repair the damages to the victim's vehicle. She claims that the city provided no testimony by the victim regarding her actual economic loss, out-of-pocket expenses paid or incurred, or the estimate she obtained. Additionally, she claims that the trial court failed to consider any offset that may have been available as a result of insurance coverage. According to Figueroa, "the record is devoid of any evidence regarding the value of the economic loss suffered."

{¶ 11} We find no merit to Figueroa's contention that the city failed to set forth any evidentiary foundation to support the written estimate provided. Pursuant to Evid.R. 101(C), the Rules of Evidence do not apply in sentencing proceedings. *State v. Cook*, 83 Ohio St.3d 404, 425, 700 N.E.2d 570 (1998). "'A hearing to determine restitution is part of sentencing. Consequently, an ordering court is not restricted by the Rules of Evidence in determining the amount of a restitution order.'" *Kane*, 8th Dist. Cuyahoga No. 97765, 2012-Ohio-3372, ¶ 5, quoting *State v. Tuemler*, 12th Dist. Warren No. CA2004-06-068, 2005-Ohio-1240, ¶ 17. Accordingly, the city was not required to set forth any evidentiary foundation before presenting the written estimate to the trial court for its consideration of the amount of restitution. *See also* R.C. 2929.28(A)(1) (setting forth the sources that the trial court may base its order of restitution — "amount recommended by the victim, offender, presentence investigation report, estimates or receipts, or other information").

{¶ 12} We also find no merit to Figueroa's contention that the city or the victim failed to present any evidence to support her restitution request. The record reveals that the victim produced two different estimates to the trial court for consideration — one at the January 2, 2022 hearing for $3,692.09 and another at the January 12, 2022 hearing for $1,800. During the initial restitution hearing on January 2, Figueroa objected to the written estimate the city presented, contending that it contained repairs for damages not directly related to the damages caused by Figueroa's conduct. At the subsequent January 12 hearing on restitution, Figueroa made no objection to the validity or detail of the new estimate or that it contained repairs to damages beyond what she admitted she caused. She only requested that the court consider her ability to pay, and that the victim had car insurance to offset the restitution amount.

{¶ 13} This case is similar to this court's decision in *Cleveland v. Gosier*, 8th Dist. Cuyahoga No. 103919, 2016-Ohio-7961, wherein this court upheld an award of restitution where the trial court based its award on a written estimate provided by the victim from an autobody shop. In *Gosier*, this court reviewed the case for plain error, noting that the defendant did not challenge the estimate or the amount of restitution. Much like in *Grosier*, Figueroa did not challenge the estimate itself, but merely challenged that the victim's insurance should offset any restitution.

{¶ 14} Figueroa contends that *Grosier* is distinguishable, however, because the estimate in *Grosier* broke "down into minute detail the cost of the repair and replacement of various components of the victim's vehicle, including paint and

labor." *Id.* at ¶ 15. Figueroa maintains that the written estimate provided to the trial court is less clear. Although this may be true, Figueroa did not challenge the content of the estimate with the trial court, accordingly, she has waived this argument on appeal. Nevertheless, pursuant to the plain language of R.C. 2929.28, the estimate is a permissible source for the trial court to base its order of restitution.

{¶ 15} Accordingly, *Grosier* is instructive and we find that the estimate that the victim provided to the city was competent and credible evidence supporting the value of the economic loss suffered by the victim, and the trial court did not abuse its discretion in relying on the estimate in its award of restitution.

{¶ 16} Finally, we find no merit to Figueroa's contention that the trial court failed to consider the victim's car insurance in determining the amount of restitution. During the hearing, the city advised the trial court that the victim had full coverage car insurance, with a $500 deductible, but that the victim did not submit any claim to her insurance company for coverage of the repairs.

{¶ 17} Figueroa has presented no legal authority to this court that requires a trial court to offset any restitution award by any *potential* insurance coverage. Indeed, if the victim chooses to submit a claim to her insurance company regarding the damages, her insurance company may seek subrogation or reimbursement for any covered amounts. Our review of the relevant law, however, does not require a trial court to offset restitution merely because of a *potential* insurance claim. *Compare* R.C. 2929.28(A)(1) (recovery in a civil action offsets restitution payments); R.C. 2743.51(B) (identifies collateral sources offsetting reparation

awards to victims of crime). Accordingly, the record demonstrates that the trial court was aware of the victim's insurance coverage, but also that no claim was made under that coverage. The record supports that the trial court did in fact consider the victim's car insurance coverage in determining the amount of restitution.

{¶ 18} Based on the foregoing, we find that the trial court did not abuse its discretion in ordering Figueroa to pay the victim $1,800 in restitution. The assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_Kathleen Ann Keough_
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, A.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR