[Cite as *State v. Cotton*, 2025-Ohio-1463.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                  No. 114474

    v.                           :

BRANDON COTTON,                         :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 24, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-690873-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Andrea Isabella and Matthew Moretto, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Sean Buchanan, Assistant Public Defender, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *E.g.*, *Univ. Hts. v.*

*Johanan*, 2022-Ohio-2578, ¶ 1 (8th Dist.); *State v. Trone*, 2020-Ohio-384, ¶ 1 (8th Dist.), citing *State v. Priest*, 2014-Ohio-1735, ¶ 1 (8th Dist.); *see also* App.R. 11.1(E). For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} On August 14, 2024, defendant-appellant Brandon Cotton ("Cotton") pleaded guilty to one fourth-degree and four fifth-degree felonies: two counts of breaking and entering, R.C. 2911.13(A) and (B); one count of grand theft, R.C. 2913.02(A)(1); one count of vandalism, R.C. 2909.05(B)(1)(b); and one count of receiving stolen property, R.C. 2913.51(A). The charges arose from the break-in of the victim's construction trade trailer that contained tools and equipment.

{¶ 3} The parties did not enter an agreement about the amount of restitution and requested a restitution hearing during the plea hearing.

> Court: I'm happy to set this matter for sentencing and have a restitution hearing, but I think maybe for the record, I know that at some point in time conversations the three of us had included a restitution claim. I want to say somewhere around $11,000 or $12,000 is that accurate? . . .
>
> State:  That's correct, Your Honor. The State would be seeking restitution in the amount of $12,730.
>
> Court:  Okay. And I fully understand [defense counsel], your position, but I wanted to at least make a record that I'll suppose worst case scenario restitution could be somewhere around that $12,000 mark.
>
> Counsel: We understand, Your Honor, and we will be requesting a hearing.

Tr. 14-15.

{¶ 4} The trial court announced and journalized, "Sentencing set for September 11, 2024, at 8:30 a.m. Restitution hearing to be held at the time of sentencing." On September 26, 2024, the trial court stated on the record "We are

here . . . for sentencing, or continuation of a sentencing where the issue, which we continued it to delve into was the — one of the issues was restitution, the amount owed here, otherwise for sentencing." Tr. 32. At the conclusion of the proceedings, Cotton was sentenced to a five-year term of community service and ordered to make restitution jointly and severally with his codefendant in the amount of $12,730.

{¶ 5} Cotton argues on appeal that "the court committed reversible error when it failed to order and conduct a restitution hearing." Cotton contends the September 26, 2024 proceedings did not equate to a restitution hearing pursuant to statute. We affirm the trial court's judgment.

{¶ 6} Under R.C. 2929.18(A)(1), a trial court may order restitution "to the victim of the offender's criminal offense or the victim's estate, in an amount based on the victim's economic loss." "In open court, the court shall order that full restitution be made to the victim" or as otherwise "designated by the court." *Id.* "At the sentencing, the court will determine the amount of restitution." *Id.* "[I]f the offender, victim, victim's representative or victim's estate disputes the amount" "the court shall hold a hearing on restitution." "The court shall determine the amount of full restitution by a preponderance of the evidence." *Id.*[1]

{¶ 7} The court may base the amount of restitution imposed "on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property,

---

[1] R.C. 2929.18(A)(1) applies to restitution for felonies. R.C. 2929.28(A)(1) governs restitution for misdemeanors. Under either provision, restitution is defined the same. *State v. Mitchell*, 2023-Ohio-4648, ¶ 5 (8th Dist.).

and other information." R.C. 2929.18(A)(1).  *See, e.g., State v. Speights*, 2021-Ohio-1194, ¶ 10 (8th Dist.).

{¶ 8} The amount of restitution imposed "'must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty.'" *State v. Johnson*, 2018-Ohio-3670, ¶ 55 (8th Dist.), quoting *State v. Gears*, 135 Ohio App.3d 297, 300 (6th Dist. 1999); *see also State v. Mills*, 2019-Ohio-706, ¶ 33 (8th Dist.).  The trial court must also ensure that the amount of restitution sought is "reasonably related to the loss suffered" by the victim.  *See, e.g., State v. Pierce*, 2019-Ohio-3762, ¶ 29 (8th Dist.); *State v. Waiters*, 191, 2010-Ohio-5764, ¶ 20 (8th Dist.); *see also State v. McLaurin*, 2016-Ohio-933, ¶ 13 (8th Dist.).  ("Prior to ordering restitution . . . a sentencing court must engage in a 'due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.'"), quoting *State v. Borders*, 2005-Ohio-4339, ¶ 36 (12th Dist.).

{¶ 9} At the September 26, 2024 proceedings, the trial court announced the hearing was to address restitution and sentencing and would "deal with the issue of restitution. . . first." Tr. 33.  The State produced "State's Exhibit Number 1" ("Exhibit 1"),  an itemized list of the construction tools stolen from the victim's trailer used for the victim's business that was prepared by the investigating detective with an approximate value listed of $17,730, and a handwritten figure below the amount that appeared to be $18,730.

{¶ 10} The State advised that the victim did not appear for the proceedings due to a long-standing medical appointment for cancer screening but had informed the prosecutor he "was able to recover approximately $6,000 worth of tools" and that he had accidentally omitted from Exhibit 1 that $1,000 worth of a generator was missing as well. . . ." Tr. 34. The State used the $17,730 value originally listed on the exhibit, deducted $6,000 for the recovered tools, and added $1,000 for the generator, for a total of $12,730 — the figure announced during the plea hearing. The State also advised that the theft was not covered by insurance.

{¶ 11} The State explained:

State: Unfortunately, the victim does not have receipts for these tools. Many of the tools were passed down to him while he built up his business; and as such, these are rough estimates, but it is his livelihood.

And, certainly, for the type of construction that he does, I would think this would be a very fair and accurate amount of restitution that is being sought for his business.

Tr. 35.

{¶ 12} Defense counsel responded:

There was no agreement [regarding restitution] beyond conducting a restitution hearing, and the State is not conducting a restitution hearing in this case.

They have to have someone come in to testify in order to introduce an exhibit or records or, or, or anything for this Court to be able to lawfully order restitution.

If [the victim] is not available, the only restitution that this Court can order is zero, Your Honor, because there is no evidence actually before this Court for hearing purposes of any numbers whatsoever.

A handwritten list introduced by the prosecutor is insufficient to comply with the requirements of a hearing, Your Honor, unless the prosecutor

would like to, to take the stand and be cross-examined about what she has marked as Exhibit 1.

We have no witnesses. So any, any amount, any details, any argument is, is unnecessary. We're proceeding today with the restitution that's here, Your Honor.

Tr. 36-37.

{¶ 13} The trial court asked whether the defense had "any authority to, to support your argument that this is the way that a restitution hearing has to be conducted?" The defense admitted that the rules of evidence were relaxed but argued there was no testimony, the exhibit was not authenticated, and there was no opportunity to conduct cross-examination; thus, the proceeding was not a hearing. The defense added that there was a warrant search that resulted in the return of all the stolen property. "So not only is there no evidence of any restitution owed, if we were to proceed with a full hearing, we would present evidence that that property has been returned, Your Honor." Tr. 41.

{¶ 14} R.C. 2929.18(A)(1) describes the nature and scope of the restitution proceedings. "The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution." *Id.* "'The Rules of Evidence do not apply in sentencing proceedings.'" *State v. Mitchell*, 2023-Ohio-4648, ¶ 13 (8th Dist.), quoting *Cleveland v. Figueroa*, 2022-Ohio-4012, ¶ 11 (8th Dist.), citing *State v. Cook*, 1998-Ohio-291. "'"A hearing to determine restitution is part of sentencing. Consequently, an ordering court is not restricted by the Rules of Evidence in determining the amount of a restitution order."'"

*Figuerora* at ¶ 11, quoting *Strongsville v. Kane*, 2012-Ohio-3372, ¶ 5 (8th Dist.), quoting *State v. Tuemler*, 2005-Ohio-1240, ¶ 17 (12th Dist.).

{¶ 15} The State elaborated that exhibit No. 1 contained the evidence itemization from the warrant search conducted at the residences of Cotton and his codefendant, the list had been produced to the defense months previously and discussed at the plea hearing, and the $6,000 deduction accounted for the recovered property. The State also summarized the impact on the victim's family and his one-man construction business.

{¶ 16} To support that the trial court had the authority to order restitution based on the amounts recommended by the victim, the State cited *State v. Williams*, 2021-Ohio-2814 (11th Dist.), for the premise that the trial court may base the restitution amount on the victim's recommendation, a presentence-investigation report, or other information. *Id*. at ¶ 22.

{¶ 17} On appeal, Cotton argues that *Williams* supports Cotton's contention that "[b]ecause no competent, credible evidence supports the award of restitution, the trial court was obligated to hold an evidentiary hearing." In *Williams*, the trial court imposed the State's recommended restitution amount set forth in the victim's impact statement itemization at the sentencing despite the defense's objection. The appellate court held that the trial court should have held a restitution hearing when the defense objected based upon R.C. 2929.18(A)(1), finding that the failure to do so was not harmless error under the statute.

{¶ 18} Cotton further contended during the proceedings that the accuracy of exhibit No. 1, prepared by the police investigator and price estimates provided by the victim could have been challenged. Cotton was informed at the plea hearing that the proposed restitution amount was the $12,730 figure and the information was produced in discovery months prior to the plea. Though the sources the trial court may base the amount of restitution on includes the offender, it does not appear from the record that Cotton produced or referenced possession of contradictory evidence during discovery or at the hearing.

{¶ 19} Restitution may be based on

> "'an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.'"

*State v. Williams*, 2024-Ohio-5092, ¶ 27, quoting *State v. Green*, 2022-Ohio-4524 ¶ 10 (8th Dist.), quoting R.C. 2929.18(A)(1); *State v. Lalain*, 2013-Ohio-3093, ¶ 3.

{¶ 20} The trial court ordered a restitution hearing on the record and as documented in its journal entry. *State v. Brooke*, 2007-Ohio-1533, ¶ 47 ("It is axiomatic that the trial court speaks through its journal entry.") It based its decision on the amount recommended by the victim, the warrant search report prepared by the police, the presentence investigation report and information from the victim, including the victim impact statement presented by the State, pursuant to statute.

R.C. 2929.18(A)(1). "The court shall determine the amount of full restitution by a preponderance of the evidence." *Id.*

{¶ 21} Cotton's assigned error is that the trial court failed to order and conduct a restitution hearing. Cotton has produced no case law supporting his contention that the restitution hearing was not statutorily compliant. The record demonstrates compliance. The record also supports that the award was supported by competent, credible evidence and the economic loss was proven by a preponderance of the evidence.

{¶ 22} The assignment of error is overruled, and the trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., and
SEAN C. GALLAGHER, J., CONCUR