[Cite as *State v. White*, 2025-Ohio-4449.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250150 |
| | | TRIAL NO. C/24/CRB/17983/B |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| YOREL WHITE, | : | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 9/24/2025 per order of the court.**

**By:**_____
          **Administrative Judge**

[Cite as *State v. White*, 2025-Ohio-4449.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250150 |
| | | TRIAL NO. | C/24/CRB/17983/B |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| YOREL WHITE, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 24, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

{¶1}   Defendant-appellant Yorel White appeals the trial court's judgment ordering him to pay restitution to his former employer, Rent-A-Center, for drywall repair. White argues that the trial court erred in failing to conduct a proper restitution hearing even though White objected to the amount of restitution requested by Rent-A-Center. We agree with White's argument. We therefore reverse the trial court's judgment ordering White to pay $855 in restitution for drywall repair and remand the matter for a restitution hearing.

### *Background*

{¶2}   The State charged White with first-degree criminal damaging under R.C. 2909.06 for allegedly causing damage to several items inside his former place of employment, a Rent-A-Center, after his manager terminated him. White eventually pleaded guilty to second-degree criminal damaging. At the plea hearing, the parties discussed the issue of restitution. The State told the trial court that Rent-A-Center had provided a list of items damaged by White but had not yet provided the costs associated with repairing or replacing the items. The State indicated that the manager would provide the appropriate documentation at the following sentencing hearing.

{¶3}   At the sentencing hearing, the State alleged that White had caused damage to several items in the Rent-A-Center, including an inventory scanner, a phone, a speaker, and drywall. The Rent-A-Center manager provided a repair or replacement cost for each item, and White's counsel agreed to the restitution amount for the items, except for the drywall repair. According to White, the State originally claimed the cost to repair the drywall would be between $50 and $100. But, at the plea hearing, the cost to repair the drywall rose to $250. Finally, at the sentencing hearing, the manager requested $855 for the drywall repair. The State contended that

3

the $855 repair estimate included damage to drywall as well as a window. White's counsel objected to the restitution order including any cost to repair window damage, because the State had not included window damage in the complaint.

{¶4} The trial court directly questioned the Rent-A-Center manager about the drywall repair. In response, the manager stated that she did not have any pictures of the damage to the wall, but that the hole was approximately six-by-six inches. The trial court asked the manager how she arrived at the cost to repair the drywall, and she responded that she had called a company, which gave her an estimate.

{¶5} The trial court proceeded to impose White's sentence, which included an order of restitution to Purple Horseshoe, the franchise owner of the Rent-A-Center, in the amount of $2,170.08—the entirety of the amount requested by Rent-A-Center. This appeal by White followed.

### *Law and Analysis*

{¶6} In his sole assignment of error, White argues that the trial court erred in ordering him to pay $2,170.08 in restitution for his criminal damaging offense. White specifically challenges the part of the restitution order related to drywall repair in the amount of $855.

{¶7} R.C. 2929.28 permits a trial court to impose financial sanctions on an offender for a misdemeanor offense, including an order to pay restitution to the victim. The trial court determines the amount of restitution by a preponderance of the evidence, and the amount of restitution cannot exceed "the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28(A)(1). An order of restitution must be supported by "competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty." *State v. Palmer*, 2024-Ohio-1445, ¶

17 (1st Dist.), quoting *State v. Betley*, 2018-Ohio-2516, ¶ 13 (8th Dist.). If either the offender or the victim disputes the amount of restitution, the trial court must hold an evidentiary hearing on the amount of restitution. R.C. 2929.28(A)(1).

**{¶8}** White argues that the trial court erred in ordering restitution without holding an evidentiary hearing. He further contends that the trial court's restitution order was not supported by competent, credible evidence.

**{¶9}** For its part, the State asserts that White waived his right to challenge the trial court's process for ordering restitution by failing to lodge an objection in the trial court. A defendant who does not object in the trial court to the amount of restitution or request a restitution hearing waives all but plain error on appeal. *State v. Snowden*, 2019-Ohio-3006, ¶ 88 (2d Dist.). But here White preserved his right to challenge the trial court's restitution order by specifically objecting to the amount of Rent-A-Center's restitution request for drywall repair at the sentencing hearing. Once White objected to the amount of restitution, the trial court was statutorily required to hold an evidentiary hearing on the amount of restitution. *See* R.C. 2929.28(A)(1); *State v. Lalain*, 136 Ohio St.3d 248, 255 (2013) (relying on the felony sentencing counterpart under R.C. 2929.18).

**{¶10}** The State contends that the trial court in effect held the statutorily-required restitution hearing because White had an opportunity to contest the restitution amount at the sentencing hearing. We disagree. Even though the victim—Rent-A-Center's manager—was present at the sentencing hearing, the manager never testified and did not submit any documentation to the trial court as an exhibit. Thus, White was not able to cross-examine the manager about the cost to repair the drywall, and White lacked any "meaningful opportunity" to challenge the requested restitution amount. *See State v. Miles*, 2021-Ohio-4581, ¶ 10 (1st Dist.). While the trial court

might have conducted a hearing as to the restitution sought by Rent-A-Center, it did not conduct the *evidentiary* hearing R.C. 2929.28(A)(1) requires.

{¶11} Therefore, because White objected to the amount of restitution requested, and the trial court failed to hold an evidentiary hearing prior to entering its restitution order, the trial court committed reversible error. *See State v. Jones*, 2014-Ohio-3740, ¶ 29 (10th Dist.) ("[B]ecause appellant's counsel specifically disputed the amount of restitution ordered, the trial court was required to hold a hearing to determine the appropriate amount of restitution and failure to do so constitutes reversible error.").

{¶12} We sustain White's assignment of error.

### *Conclusion*

{¶13} We reverse the trial court's judgment ordering White to pay restitution in the amount of $855 for drywall repair, and we remand the cause to the trial court to hold an evidentiary restitution hearing.

Judgment reversed and cause remanded.

CROUSE and BOCK, JJ., concur.