[Cite as *State v. Gray*, 2026-Ohio-814.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250459 |
| | | TRIAL NO. C/25/CRB/4819 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| STAR GRAY, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 3/11/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Gray*, 2026-Ohio-814.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO.     C-250459
                                                   TRIAL NO.      C/25/CRB/4819
      Plaintiff-Appellee,            :

  vs.                                  :

                                                   *O P I N I O N*

STAR GRAY,                              :

      Defendant-Appellant.           :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: March 11, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David H. Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** In this appeal, defendant-appellant Star Gray presents four assignments of error challenging her conviction for criminal damaging in violation of R.C. 2909.06.

**{¶2}** In her first two assignments of error, Gray asks this court to review whether the State's evidence proved that the owner of a damaged vehicle consented to having her vehicle damaged. We overrule both assignments of error. The State presented sufficient evidence on this element because a rational trier of fact could infer that the owner did not consent to the damage based on tension between the owner and Gray, the owner's decision to involve the police, and the owner's pursuit of a repair estimate. Moreover, Gray's conviction is not against the weight of the evidence because the trier of fact could find that the owner's testimony was credible despite minor inconsistencies.

**{¶3}** Gray's third assignment of error contends that the trial court committed plain error when it elevated her offense from a second-degree misdemeanor to a first-degree misdemeanor. We sustain this assignment of error and remand the cause to the trial court to issue a nunc pro tunc entry correcting clerical errors.

**{¶4}** In her fourth assignment of error, Gray argues that the trial court committed plain error when it relied on inadmissible evidence to determine restitution. But evidentiary rules do not apply to sentencing proceedings under Evid.R. 101(D)(3). We overrule the fourth assignment of error.

**{¶5}** We affirm Gray's conviction and remand the cause to the trial court.

### I. Factual and Procedural History

**{¶6}** The State charged Gray with criminal damaging in violation of R.C. 2909.06, a second-degree misdemeanor.

3

{¶7} At trial, L.J., the damaged vehicle's owner, testified for the State. According to L.J., she was discussing lunch options with her granddaughter while parked next to Gray's vehicle in a Walmart parking lot. As L.J. pulled out of her parking spot, Gray got out of her vehicle and accused L.J. of hitting Gray's vehicle. After L.J. denied hitting Gray's vehicle, Gray accused L.J.'s granddaughter of hitting Gray's vehicle. L.J. testified that her granddaughter was inside L.J.'s vehicle the entire time and did not strike Gray's vehicle.

{¶8} L.J. wanted to resolve the issue through police and insurance, but Gray refused to exchange insurance information and insisted it was a "civil matter." When Gray eventually went into the Walmart, L.J. called the police. After Gray returned to her vehicle, Gray, L.J., and officers discussed the matter. L.J. testified that the officers agreed that the issue was better suited for insurance.

{¶9} According to L.J., Gray "got mad," remarked, "[W]e just allowed to hit people's cars," and then "forcibly threw her car door open to hit [L.J.'s] car." Gray dented L.J.'s vehicle. The police were still present, and L.J. confirmed to the officers that Gray hit L.J.'s car. Eventually, L.J. obtained a repair estimate.

{¶10} After the State rested, Gray unsuccessfully moved for a Crim.R. 29 judgment of acquittal. At the end of trial, the trial court found Gray guilty of criminal damaging based on L.J.'s testimony.

{¶11} The trial court moved to sentencing. The State informed the trial court that L.J. did not want Gray to receive jail time, but simply wanted her car repaired. While the State deferred to the trial court "as to sentencing on the M2," it asked for restitution in the amount of "$1,685.63" for L.J.'s vehicle. The trial court asked if the amount was "$1,683.65?" The State corrected the trial court and stated that the repair cost was $1,685.63.

4

**{¶12}** The trial court sentenced Gray to a suspended 30-day sentence and ordered her to pay "$1,685.65 [sic]." The judge's sheet and docket state that Gray pleaded guilty, was convicted of first-degree misdemeanor criminal damaging by plea, and was ordered to pay $1,685.65 in restitution.

## II. Analysis

**{¶13}** On appeal, Gray raises four assignments of error challenging her conviction and restitution order.

### A. *The evidence was sufficient to prove that Gray lacked consent to damage L.J.'s vehicle*

**{¶14}** At trial, the State carries the burden of producing "sufficient evidence on every element of an offense." *State v. Messenger*, 2022-Ohio-4562, ¶ 13. We review the sufficiency of the evidence by "'viewing the evidence in a light most favorable to the prosecution, [and determining if] any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Armstrong*, 2016-Ohio-2842, ¶ 19 (8th Dist.), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶15}** To convict Gray of criminal damaging, the State had to prove that Gray knowingly, by any means, caused or created "a substantial risk of physical harm to any property of another without the other person's consent." R.C. 2909.06(A)(1).

**{¶16}** Gray limits her arguments to the "without consent" element and contends that, under our recent opinion in *State v. Robinson*, 2023-Ohio-2312 (1st Dist.), the State's evidence was insufficient to prove that she lacked consent to damage L.J.'s vehicle. In *Robinson,* we recognized that multiple pieces of circumstantial evidence can prove that a property owner did not consent to having her property damaged. *Id*. at ¶ 26. Circumstantial evidence, or "'the proof of facts by direct evidence

from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind,'" has the same probative value as direct evidence. *State v. Collins*, 2013-Ohio-488, ¶ 15-16 (8th Dist.), quoting *State v. Hartman*, 2008-Ohio-3683, ¶ 37 (8th Dist.).

{¶17} In *Robinson,* we explained that a property owner's lack of consent may be inferred from certain facts, including

> (1) an altercation that occurred between the property owner and the defendant, (2) the property was not previously damaged, (3) the owner immediately called the police and signed the complaint, (4) the owner obtained an estimate of the damages and filed an insurance claim, (5) the defendant fled when police arrived, and (6) the defendant lacked permission to be on the property where the damage occurred.

*Robinson* at ¶ 27.

{¶18} We applied those factors in *Robinson* and explained that the State produced no evidence that the vehicle owner and Robinson had a history of animosity, or even a moment of tension, before Robinson damaged her car. *Id.* at ¶ 31. Nor was there evidence that the vehicle owner "called the police at any time." *Id.* at ¶ 32. And there was no evidence that the vehicle owner filed an insurance claim or received an estimate. *Id.* at ¶ 33. So, we held that the evidence was insufficient to prove criminal damaging in the absence of any facts supporting an inference that the vehicle owner did not consent to the damage. *Id.* at ¶ 29.

{¶19} While Gray concedes that L.J. obtained a repair estimate for the damage to her vehicle, Gray insists that her "case lacks multiple factors indicating a lack of consent." We disagree and hold that the State's circumstantial evidence supports an inference that Gray damaged L.J.'s vehicle without L.J.'s consent. L.J. testified that

Gray "got mad" when L.J. elected to use her car insurance to resolve the alleged damage to Gray's car. Plus, L.J. reported Gray's actions to the police. A rational trier of fact could find that L.J. did not consent to the damage to her vehicle based on the tension between L.J. and Gray, the involvement of the police, and the repair estimate.

{¶20} Because the evidence was sufficient to convict Gray of criminal damaging, we overrule the first assignment of error.

## B. *Gray's conviction is not against the weight of the evidence*

{¶21}  In her second assignment of error, Gray asserts that L.J.'s account lacked credibility, and therefore her conviction is against the weight of the evidence.

{¶22} We may reverse a conviction as against the manifest weight of the evidence and order a new trial if we find, following an independent review of the record, that the trier of fact "clearly lost its way in resolving conflicts in the evidence and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Nichols*, 2025-Ohio-1515, ¶ 18 (1st Dist.), quoting *State v. Sorrels*, 71 Ohio App.3d 162, 166 (1st Dist. 1991). A manifest-weight review requires this court to "consider witness credibility." *Nichols* at ¶ 18. We "generally defer[] to the trial court on credibility issues because it is in the '"best position to judge the credibility of the witnesses and the weight to be given to the evidence presented."'" *Id* at ¶ 27, quoting *State v. Rose*, 2024-Ohio-5689, ¶ 28 (1st Dist.), quoting *State v. Bullock*, 2022-Ohio-925, ¶ 14 (1st Dist.).

{¶23} Gray identifies several alleged inconsistencies in L.J.'s testimony to attack her credibility. First, Gray contends that her becoming angered over the use of insurance "does not make sense." Second, she claims that L.J.'s preference for using insurance to resolve the alleged damage to Gray's vehicle is inconsistent with calling

the police. Third, she argues that L.J.'s "testimony that Ms. Gray initially accused her and not her granddaughter of dinging her car is not credible."

{¶24} We are "'not required to accept the incredible as true.'" *Nichols* at ¶ 19, quoting *State v. Apanovitch,* 33 Ohio St.3d 19, 23-24 (1987). But the portions of L.J.'s account cited by Gray are neither inconsistent nor incredible. L.J.'s decision to call the police fits with her desire to handle the matter through insurance. And the prospect of dealing with insurance can irritate even the most carefree person. *See Beck v. Farmers Ins. Exchange*, 701 P.2d 795, 802, fn. 6 (Utah 1985) (explaining that damages for mental anguish are unavailable "for the mere disappointment, frustration, or anxiety normally experienced in the process of filing an insurance claim.").

{¶25} The record does not show that the trial court lost its way when it found Gray guilty of criminal damaging. We overrule the second assignment of error.

## C. *Multiple clerical errors warrant a remand*

{¶26} In her third assignment of error, Gray maintains that the trial court committed plain error when it journalized a conviction for first-degree misdemeanor criminal damaging when Gray was charged with, and convicted of, second-degree misdemeanor criminal damaging. The State concedes the error.

{¶27} Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A clerical error is "'"a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."'" *State v. Miller*, 2010-Ohio-5705, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820 (3d Dist. 2001).

**{¶28}** Gray was charged with criminal damaging, a second-degree misdemeanor offense. R.C. 2909.06(A)(1). But the judge's sheet incorrectly states that Gray was convicted of a first-degree misdemeanor offense. A remand is necessary to correct this clerical error.

**{¶29}** The State also concedes a clerical error in the amount of restitution on the judge's sheet. While the State repeatedly said that repairing L.J.'s vehicle cost "$1,685.63," the judge's sheet instructs Gray to pay "$1,685.65."

**{¶30}** And during our review of the judge's sheet and docket, we identified additional clerical errors. First, the judge's sheet and docket state that Gray pleaded guilty and was convicted by plea, but Gray pleaded not guilty and was found guilty after a trial. Second, the victim's name is misspelled on the judge's sheet.

**{¶31}** Therefore, we sustain the third assignment of error and remand the matter to the trial court to correct its clerical errors with a nunc pro tunc entry that reflects that Gray pleaded not guilty, was found guilty of second-degree misdemeanor criminal damaging following a trial, and owes "$1,685.63" in restitution to the victim.

### D. *Restitution amount*

**{¶32}** In her final assignment of error, Gray argues that the trial court committed plain error when it relied on evidence that was excluded at trial to determine the restitution amount.

**{¶33}** Generally, we review a trial court's award of restitution for a misdemeanor offense for an abuse of discretion. *State v. Miles*, 2021-Ohio-4581, ¶ 5 (1st Dist.). But Gray did not object to the restitution amount and forfeited "all but plain error on appeal." *State v. White*, 2025-Ohio-4449, ¶ 9 (1st Dist.). To demonstrate plain error, Gray must identify a trial court error that was "plain," or obvious, and "affected h[er] substantial rights." *State v. Bond*, 2022-Ohio-4150, ¶ 17.

9

**{¶34}** Restitution for misdemeanor offenses is governed by R.C. 2929.28(A)(1) and must be an "amount based on the victim's economic loss." The statute provides that "[t]he victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution." R.C. 2929.28(A)(1). If an objection is raised, the trial court must hold an evidentiary hearing and determine the restitution amount "by a preponderance of the evidence." R.C. 2929.28(A)(1).

**{¶35}** Gray argues that the trial court erred by considering excluded evidence when it calculated restitution. At trial, the trial court sustained an objection and prevented L.J. from testifying about the repair estimate that she received.

**{¶36}** But Evid.R. 101(D)(3) states that "the Rules of Evidence do not apply in sentencing proceedings." *City of Cleveland v. Figueroa*, 2022-Ohio-4012, ¶ 11 (8th Dist.). So, a court ordering restitution, ""is not restricted by the Rules of Evidence in determining the amount of a restitution order."" *Id.*, quoting *Strongsville v. Kane*, 2012-Ohio-3372, ¶ 5 (8th Dist.), quoting *State v. Tuemler*, 2005-Ohio-1240, ¶ 17 (12th Dist.). Therefore, a court may consider otherwise inadmissible evidence when determining restitution.

**{¶37}** More to the point, Gray did not dispute the repair estimate provided by the State. Restitution awards must be based on competent, credible evidence. *See State v. Palmer*, 2024-Ohio-1445, ¶ 17 (1st Dist.), quoting *State v. Betley*, 2018-Ohio-2516, ¶ 13 (8th Dist.); *see State v. Dunn,* 2026-Ohio-241, ¶ 23 (1st Dist.) ("While the rules of evidence do not apply at restitution hearings, courts have held that some type of evidence must support the award."). But this requirement derives from, and is clearly applicable to, restitution awarded after evidentiary hearings. *See Palmer* at

¶ 13. So, "during an *evidentiary hearing*, a trial court must hear *evidence* in order to determine an appropriate amount of restitution." (Emphasis in original.) *State v. Reynoso*, 2025-Ohio-3119, ¶ 17 (11th Dist.).

**{¶38}** But when no party disputes a restitution amount, R.C. 2929.28(A)(1) does not require an evidentiary hearing. *See State v. Lalain,* 2013-Ohio-3093, ¶ 1 ("A trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered."). The absence of an evidentiary hearing limits our review of restitution awards. *See Dunn* at ¶ 24 ("neither party submitted evidence to the trial court and we will not resolve factual disputes without any evidence in the record.").

**{¶39}** Because Gray did not dispute that the cost to repair L.J.'s car was $1,685.63, the trial court had no obligation to hold a restitution hearing. Instead, it could rely on the information provided by the State to determine the restitution amount. *See id.; see also State v. Speights*, 2021-Ohio-1194, ¶ 15 (8th Dist.) (reasoning that, if the amount of restitution is not disputed, the trial court could base restitution on a victim's recommendation under R.C. 2929.18(A)(1)).

**{¶40}** We overrule the fourth assignment of error.

### III. Conclusion

**{¶41}** We overrule the first, second, and fourth assignments of error and affirm Gray's conviction. We sustain her third assignment of error and remand the cause to the trial court to issue a nunc pro tunc entry correcting its clerical errors.

Judgment affirmed and cause remanded.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.