MULHOLLAND ET AL., APPELLEES, *v.* PAUL ET AL., APPELLANTS.

(No. 9308—Decided September 30, 1963.)

*Messrs. Santen & Santen*, for appellees.
*Mr. Nicholas Bauer*, for appellants.
*Mr. Carl B. Rubin*, for Levina Paul.

LONG, J. On September 11, 1961, suit was filed in the Common Pleas Court of Hamilton County, Ohio, seeking an injunction against defendants to restrain them from flooding the land

of plaintiffs, and for damages. Upon trial, the court below awarded damages to plaintiffs against Kroeger, the contractor, and dismissed defendant Alfred Paul, for the reason that Alfred Paul was not the owner of the property on which the excavations and replacements were made which caused the flooding of plaintiffs' property.

Notice of appeal was filed in this court on questions of law and fact.

Thereafter, Levina Paul was made a party to the action in this court for the reason that she, and not her husband, was the owner of the property in which the depredations were made which caused the damage to plaintiffs. Motion was then made by Levina Paul to be dismissed as a party appellee; this motion was denied, but the case was retained by this court as an appeal on questions of law and fact; and this appeal will be subsequently determined on its merits by this court.

To this order denying Levina Paul's motion to be dismissed, her counsel has filed a motion for rehearing. The matter has been argued and briefs submitted. The only thing to be determined by this court at the present time is whether or not Levina Paul should remain as a party appellee or whether she should be dismissed.

It must be observed in this case that the time of making Levina Paul a party to the action occurred subsequent to the time of filing a valid notice of appeal. In the case of *Reuben McMillan Free Library Association* v. *Mahoning County Budget Commission*, 175 Ohio St., 191, this very point was decided. In its opinion, the court held:

"* * * A subsequent joinder of necessary parties after the expiration of the time for filing of the appeal will not validate the appeal. * * *"

The Supreme Court makes the point that once the time for appeal has passed, it is too late for the Court of Appeals to obtain jurisdiction over parties even though they may be necessary.

At this point the court should add that a determination that Levina Paul was the real party in interest and the owner of the property could have been discovered by a simple examination of the records in the Auditor's or Recorder's offices; also, at the conclusion of plaintiffs' evidence, counsel for plain-

tiffs and counsel for defendants stipulated "that the property at 5344 Briarhill Drive is owned by Levina Paul alone." No effort was made to make Levina Paul a party defendant. It was not until months after the hearing below that it was undertaken to make her a party in this court. If Levina Paul is a necessary party now, she was a necessary party in the court below. The time for notice of appeal as to her has expired.

Further, we think that this situation was disposed of in *Le Maistre, Admr.*, v. *Warner, Admx.*, 142 Ohio St., 1, where the Supreme Court points out that appellate jurisdiction does not authorize this court to conduct a trial on issues of fact unless such a trial has been had in the court of first instance. Levina Paul had no trial in the Common Pleas Court. The court, on page four of its opinion, says:

"There cannot well be a *re*hearing or a *re*trial of factual issues in the Court of Appeals if there has been no previous hearing or trial."

Levina Paul is hereby dismissed as a party to this action.

*Judgment accordingly.*

HOVER, P. J., and HILDEBRANT, J., concur.