[Cite as *State v. Haskett*, 2024-Ohio-5933.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                :          APPEAL NO.   C-240242
                                                              TRIAL NO.     23/CRB/14111
      Plaintiff-Appellee,              :

  vs.                                          :
                                                                      *O P I N I O N*
KALIAH HASKETT,                           :

      Defendant-Appellant.          :


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 20, 2024


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Michelle Browning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**Bock, Presiding Judge.**

**{¶1}** The State charged defendant-appellant Kaliah Haskett with criminal damaging after she kicked the rear liftgate of a vehicle. Haskett pleaded guilty and the trial court ordered her to pay more than $3,000 in restitution for repairs to the vehicle, including replacing the vehicle's bumper.

**{¶2}** On appeal, Haskett asserts that the trial court should have limited its restitution award to the value of the complaining witness's insurance deductible. She further argues that the trial court erred by including in the restitution award the cost of replacing the bumper and by limiting her cross-examination of the complaining witness on the witness's prior inconsistent statements.

**{¶3}** We hold that, while a trial court must reduce a restitution award by any recovery that a complaining witness has received, a trial court is not required to offset a complaining witness's restitution award due to a potential insurance claim. We further hold that the trial court did not err in including the cost of replacing the vehicle's bumper in the restitution award as Haskett failed to challenge the complaining witness's testimony that repairing the damage caused by Haskett required that the bumper be replaced as well. Finally, we hold that the trial court committed harmless error in limiting Haskett's cross-examination of the complaining witness given her undisputed testimony that the liftgate and bumper needed to be replaced together.

## I. Factual and Procedural History

### A. Haskett pleads guilty to criminal damaging

**{¶4}** In August 2023, the State charged Haskett with criminal damaging in violation of R.C. 2909.06(A)(1), a second-degree misdemeanor. The complaint alleged that Haskett "rip[ed] off the fuel cap of the [complaining witness's] van and kick[ed]

the rear lift gate in a fit of rage causing a significant dent." Haskett pleaded guilty to the offense.

### B. Restitution hearing and sentencing

{¶5} P.W., the complaining witness, testified at the restitution hearing that she owned a "2008 Dodge Caravan" and that Haskett damaged it by kicking the vehicle. P.W. received a $3,323.96 estimate for the repairs.

{¶6} P.W. testified that she had insurance covering her vehicle, but she did not want to make a claim through her insurance "[b]ecause my insurance didn't have anything to do with the damage that she did. And my insurance will go up. And I don't feel like that's fair that I have to use my insurance to pay for the damage that she did." P.W. stated that her insurance deductible was $500.

{¶7} On cross-examination, Haskett noted that the estimate included costs to replace a liftgate and a rear bumper. Haskett asked P.W. why the complaint only indicated that Haskett had damaged the liftgate. P.W. stated that she had been told that because of "where the damage is on the gate, . . . you will have to replace the bumper as well."

{¶8} Haskett asked P.W. about statements she made to police on the day of the incident. Haskett's counsel noted that there were two dents on the back of P.W.'s vehicle, and that on the day of the incident, P.W. told law enforcement that Haskett caused only one of the dents. P.W. stated that Haskett caused both dents.

{¶9} Haskett then attempted to introduce the responding officer's body-cam footage to show that P.W. had previously made an inconsistent statement to the police involving the extent of the damage Haskett caused. The trial court initially overruled the State's objection. But after Haskett began playing the footage, the State again objected stating, "Your Honor, I'm going to object. She's already found guilty of

causing the damage to this vehicle." Haskett responded that she was offering the video to show that P.W. was claiming damages in the estimate beyond what she had previously indicated were caused by Haskett. The trial court sustained the State's objection, explaining, "Well, in the Court's amateur estimation, I don't know a body shop in the world that would repair the left dent and not replace the whole tailgate. You take your tortfeasors as they come."

{¶10} Haskett argued that P.W.'s restitution award should be limited to her insurance deductible. The trial court disagreed, stating that because P.W. had not received an insurance payment, she was not required to submit an insurance claim and could recover the full value of the estimate.

{¶11} The trial court awarded P.W. $3,323.96 in restitution and sentenced Haskett to 90 days in jail with 90 days suspended and two years of community control. Haskett has appealed.

## II. Analysis

{¶12} In her sole assignment of error, Haskett challenges the trial court's restitution award, asserting three issues for review.

### A. Standard of review

{¶13} We review a non-felony restitution order for an abuse of discretion. *State v. Revere*, 2022-Ohio-3803, ¶ 9 (1st Dist.). An abuse of discretion implies that the trial court acted in an "unreasonable, arbitrary, or unconscionable" manner. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 34; *see Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A trial court lacks discretion to commit an error of law. *Johnson* at ¶ 39.

### B. Restitution

{¶14} Following a misdemeanor conviction, the trial court may order the

defendant to pay restitution "to the victim . . . in an amount based on the victim's economic loss." R.C. 2929.28(A)(1). "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L). Restitution is limited to the "actual loss caused by the defendant's criminal conduct." *State v. Martin*, 140 Ohio App.3d 326, 337 (4th Dist. 2000). The State has the burden of establishing the amount of restitution by a preponderance of the evidence. *State v. Moore*, 2023-Ohio-3318, ¶ 11 (1st Dist.); *see* R.C. 2929.28(A)(1).

**{¶15}** A trial court abuses its discretion in awarding restitution if its award lacks a "'reasonable relationship to the actual loss suffered.'" *Moore* at ¶ 10, quoting *In re A.B.*, 2021-Ohio-4273, ¶ 8 (1st Dist.). "'In addition, a court abuses its discretion if the award of restitution is not supported by competent, credible evidence in the record from which the court can discern the amount of restitution to a reasonable degree of certainty.'" *Id.*, quoting *State v. Caldwell*, 2023-Ohio-355, ¶ 14 (4th Dist.).

### C. *Insurance coverage*

**{¶16}** Haskett asserts that the trial court erred because it awarded restitution beyond the amount of P.W.'s deductible. P.W. testified that her vehicle was insured and that her deductible was $500, but she chose not to file an insurance claim.

1. Crime victims and insurance

**{¶17}** If a victim maintains an insurance policy covering the damages caused by a defendant and has received insurance payments, then the "amount of restitution should be set at the amount of the deductible, not the amount of the damage." *State v. Nickens*, 2017-Ohio-1448, ¶ 8 (8th Dist.) ("If the victim has insurance that reimbursed her for part or all of the loss that occurred as a result of the offender's criminal conduct, the victim has not suffered an economic loss for the purposes of imposing

5

restitution."); *see State v. Palmer*, 2024-Ohio-1445, ¶ 9, fn. 1 (1st Dist.); *see also In re A.S.*, 2019-Ohio-1362, ¶ 22, fn. 1 (8th Dist.); *In re R.S.*, 2023-Ohio-45, ¶ 16-19 (12th Dist.); *Martin*, 140 Ohio App.3d at 337.

**{¶18}** Similarly, where a victim has been fully reimbursed by a third party, a trial court errs by granting restitution to the victim that "would result in an impermissible windfall and would frustrate the purposes of restitution." *State v. Thornton*, 2017-Ohio-4037, ¶ 20 (1st Dist.); *see State v. Mihalik*, 2021-Ohio-2465, ¶ 13 (11th Dist.) ("[A] court can order restitution regardless of a civil suit settlement, as long as it credits any amounts paid in the settlement toward its determination of economic loss.").

**{¶19}** In *Thornton*, this court explained:

[B]ecause R.C. 2929.18(A)(1) states that the trial court's order of restitution shall not exceed the amount of economic loss suffered by the victim, and double recovery would amount to an impermissible economic windfall for the victim, the evidence introduced to demonstrate the actual economic loss suffered by the victim must take account of any offsets to the victim's economic loss and any mitigation of damages in the form of compensation received for the loss from, for example, insurance, the Ohio Title Defect Rescission Fund, or civil judgments against the defendant.

*Thornton* at ¶ 19; *see State v. Clayton*, 2009-Ohio-7040, ¶ 56 (2d Dist.) (same); *State v. Shaw*, 2018-Ohio-3816, ¶ 18 (2d Dist.) (same); *State v. Dunham*, 2014-Ohio-1042, ¶ 82 (5th Dist.); *State v. Waiters*, 2010-Ohio-5764, ¶ 18 (8th Dist.); *but see State v. Berlinger*, 2011-Ohio-2223, ¶ 7 (1st Dist.) ("Although insured, Metro Deck paid premiums to secure the coverage in an amount that would cover the theft. And in any

6

event, the fact that Metro Deck was insured should not redound to the benefit of Berlinger, who caused the economic loss.").

**{¶20}** While these cases provide that a victim's restitution award should be offset if the victim receives compensation from a third party, they do not state that a victim must file an insurance claim.

**{¶21}** The Eight District held that a trial court is not required to "offset any restitution award by any potential insurance coverage." *City of Cleveland v. Figueroa*, 2022-Ohio-4012, ¶ 17 (8th Dist.). In *Figueroa*, the victim had car insurance with a $500 deductible but had not submitted a claim to her insurer. *Id.* at ¶ 16. The defendant had not presented any cases establishing that a trial court must "offset any restitution award by any potential insurance coverage." (Emphasis omitted.) *Id.* at ¶ 17. The court added, "Our review of the relevant law, however, does not require a trial court to offset restitution merely because of a potential insurance claim." *Id.* The court cited R.C. 2929.28(A)(1), which provides that "recovery in a civil action offsets restitution payments," and R.C. 2743.51(B), which "identifies collateral sources offsetting reparation awards to victims of crime." *Id.* The court noted that even if a victim's insurer submitted a claim, the insurance company would be permitted to pursue subrogation against the defendant. *Id.*

**{¶22}** We agree with the Eight District's reasoning in *Figueroa*. R.C. 2929.28(A)(1) does not require a trial court to limit a restitution award merely because a victim purchased an insurance policy and may submit a claim.[1] At the time of the

---

[1] Effective April 2023, R.C. 2929.281(A) provides, "In determining the amount of restitution at the time of sentencing under this section, the court shall order full restitution for any expenses related to a victim's economic loss due to the criminal offense. The amount of restitution shall be reduced by any payments to the victim for economic loss made or due under a policy of insurance or governmental program." Haskett did not cite this statue below or on appeal and accordingly we lack the benefit of any briefing to assist us in interpreting this provision. We therefore do not consider what effect, if any, this statute might have on our resolution of this issue.

restitution hearing, P.W.'s "economic loss" was \$3,323.96. Had P.W. received insurance payments to cover some of that amount, her actual economic loss would be reduced. But she had not recovered anything from her insurer and Haskett points to no statutory mechanism for forcing a complaining witness to pursue recovery from collateral sources before seeking restitution.

{¶23} Haskett also asserts that P.W. had a duty to mitigate her losses. But in the cases she cites, the court considered whether a trial court must reduce a restitution award after the victim's damages are paid by another source. *See State v. Bowman*, 2009-Ohio-1281 (2d Dist.); *Martin*, 140 Ohio App.3d at 337; *State v. Christy*, 2006-Ohio-4319 (3d Dist.); *State v. Whitaker*, 2024-Ohio-2495 (6th Dist.). In each of these cases, the crime victims had already received third-party proceeds or civil judgments against the defendant, rendering these cases unpersuasive.

{¶24} Moreover, Haskett argues that not requiring P.W. to submit a claim to her insurer could result in double recovery, as she may pocket the money and then submit a claim. But we consider the circumstances as they existed during the restitution hearing, rather than considering a hypothetical.

{¶25} Crime victims may face increased insurance premiums for filing an insurance claim and may validly decide not to pursue one. Haskett has failed to establish that Ohio's restitution scheme forces the victim to file an insurance claim.

### D. *Including the cost of the bumper*

{¶26} Haskett asserts that the trial court's restitution order exceeded the amount of economic loss caused by Haskett because it included the cost of replacing P.W.'s bumper. Haskett argues that the record did not establish that her damaging the liftgate caused harm to the bumper.

{¶27} The trial court's restitution award must be limited to the victim's

economic loss directly and proximately caused by the criminal act of which the defendant was convicted. *State v. McNear*, 2020-Ohio-4686, ¶ 10 (1st Dist.), citing *State v. Simmons*, 2017-Ohio-1348, ¶ 56 (10th Dist.); *see* R.C. 2929.18(A)(1). "Generally speaking, a consequence is a direct and proximate result of an act when the consequence is foreseeable and is produced by the natural and continuous sequence of events following the act." *State v. Yerkey*, 2022-Ohio-4298, ¶ 16. The trial court must have sufficient evidence before it to "substantiate the relationship of the offender's criminal conduct to the amount of the victim's loss." *State v. Folson*, 2023-Ohio-55, ¶ 10 (1st Dist.).

**{¶28}** The record contains sufficient evidence to substantiate the relationship between Haskett's conduct and the amount of P.W.'s loss. The complaint alleged that Haskett caused damage to P.W.'s liftgate and did not mention the bumper. But P.W. addressed this discrepancy and testified that the mechanic who provided the estimate told her that, to replace the liftgate, the bumper had to be replaced as well. While Haskett attempted to elicit testimony showing that she did not cause damage to the bumper, Haskett never challenged P.W.'s testimony that repairing the liftgate also required repairing the bumper.

**{¶29}** The liftgate and bumper needing to be repaired together distinguishes this case from *Folson*. In *Folson*, the defendant was charged in a complaint stating that she had hit the bumper of the victim's car. *Folson* at ¶ 13. The trial court ordered restitution for the damaged bumper and for other damages unrelated to the bumper. *Id.* at ¶ 14. The defendant was not charged for the acts causing those other damages. *Id.* We held that the other damages "did not 'flow as a natural and continuous consequence'" from the act for which Folson was convicted and were therefore not recoverable in that restitution award. *Id.* at ¶ 14.

**{¶30}** Unlike in *Folson*, P.W. testified that the bumper had to be replaced to repair the damage that Haskett caused. The trial court did not err by including the cost to repair the bumper in the restitution award.

### E. Limiting cross-examination

**{¶31}** Finally, Haskett argues that the trial court denied her an opportunity to cross-examine P.W. about her inconsistent statements made to police on the day of the incident. Haskett attempted to introduce the officer's body-cam footage to impeach P.W.'s testimony by demonstrating that, at the time of the offense, P.W. only identified one of two dents on her vehicle as being caused by Haskett.

**{¶32}** The trial court must hold a restitution hearing if the "offender, victim, victim's representative, or victim's estate disputes the amount." R.C. 2929.18(A)(1). A defendant has a right to due process at the restitution hearing. *State v. Miles*, 2021-Ohio-4581, ¶ 8 (1st Dist.), quoting *State v. Blay*, 2012-Ohio-62, ¶ 5 (10th Dist.). Included in this right is the defendant's right to cross-examine adverse witnesses and to present evidence. *Id.* at ¶ 9, quoting *Blay* at ¶ 5. "A trial court abuses its discretion where it denies a defendant a meaningful opportunity to be heard on the issue of restitution." *Id.*; *see State v. Mitchell*, 2023-Ohio-2239, ¶ 4 (5th Dist.) (holding that the trial court abused its discretion when it did not permit the defendant to cross-examine the victim's mother or offer rebuttal evidence).

**{¶33}** The trial court abused its discretion when it denied Haskett the opportunity to meaningfully cross-examine P.W. regarding her statements to law enforcement. The basis of the State's objection was that Haskett had already pleaded guilty. But Haskett's guilty plea was not an admission that Haskett caused whatever damages P.W. claimed at the restitution hearing. A defendant is permitted to dispute the amount of restitution. *Miles* at ¶ 8. Because P.W. asserted damages beyond those

listed in the complaint, the trial court should have permitted Haskett to cross-examine P.W. about her prior inconsistent statements.

**{¶34}** This error was harmless. P.W. testified that the damage to the liftgate—damage Haskett admitted causing—necessitated replacing the bumper. *See* Crim.R. 52(A). Therefore, the trial court properly awarded P.W. the cost to replace both parts of the vehicle. We overrule Haskett's assignment of error.

### III. Conclusion

**{¶35}** For the foregoing reasons, we overrule Haskett's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

CROUSE and WINKLER, JJ., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.