[Cite as *State v. Dunn*, 2026-Ohio-241.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :        APPEAL NO.    C-250257
                                                 TRIAL NO.     24/CRB/21777/A
    Plaintiff-Appellee,            :

   and                                 :

                                                 *JUDGMENT ENTRY*
VICTIMS P.H. AND W.C.,                  :

    Appellants,                    :

   vs.                                 :

FAITH DUNN,                             :

    Defendant-Appellee.            :


This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed to Appellee Dunn.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 1/28/2026 per order of the court.**


**By:**_____

      **Administrative Judge**

[Cite as *State v. Dunn*, 2026-Ohio-241.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO.    C-250257
                                                   TRIAL NO.     24/CRB/21777/A
    Plaintiff-Appellee,                 :

   and                                  :

VICTIMS P.H. AND W.C.,                   :          *O P I N I O N*

    Appellants,                         :

   vs.                                   :

FAITH DUNN,                              :

    Defendant-Appellee.                 :


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: January 28, 2026


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Phoebe Cates*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ohio Crime Victim Justice Center* and *Morgan Galle*, for Appellants,

*Derek W. Gustafson*, for Defendant-Appellee.

**Bock, Presiding Judge.**

{¶1} Defendant-appellee Faith Dunn pleaded guilty to criminal damaging after she stole and crashed victims-appellants P.H. and W.C.'s ("Victims") car. The Victims sought restitution from Dunn. At sentencing, Dunn stated that she was prepared to pay whatever amount of restitution the trial court ordered. But the trial court did not believe Dunn could pay restitution and did not award the Victims any restitution. The Victims now appeal, arguing that the trial court violated their rights under Ohio Const., art. I, § 10a(A)(7) and R.C. 2929.28.

{¶2} Because the Victims had a right to restitution under Ohio Const., art. I, § 10a(A)(7) and R.C. 2929.28, and because the trial court lacked any evidence that Dunn could not pay a restitution award, we sustain the Victims' assignment of error, reverse the trial court's judgment, and remand for further proceedings.

## I. Factual and Procedural History

{¶3} The State indicted Dunn on one count of obstructing official business, a second-degree misdemeanor, and one count of unauthorized use of a motor vehicle, a first-degree misdemeanor.

{¶4} Dunn pleaded guilty to the unauthorized-use charge in exchange for the dismissal of the obstructing-official-business charge. The trial court continued the case for sentencing and a victim-impact statement.

{¶5} The Victims, who were not present at Dunn's sentencing hearing, provided a victim-impact statement in which they sought $6,175 in restitution from Dunn for the damage she had caused to their vehicle. The victim-impact statement included a printout of a Kelly Blue Book estimate for a 2004 Accura MDX showing a "Private Party Value" of $6,175, "valid as of 03/28/2025," which was shortly before the hearing. The victim-impact statement asserted that the car was in "excellent

3

condition," but it did not disclose the milage on the car or the degree of damage caused by Dunn to the car.

{¶6}   Dunn told the trial court that she was prepared to take responsibility for her actions and indicated that she was able to pay restitution. The trial court questioned Dunn, appearing to disbelieve Dunn's statement that she was able to pay the restitution request. The trial court further explained that "money is never my biggest concern" and observed that the Victims "ha[d] insurance, and I'm of the belief that's what insurance is for."

{¶7}   The trial court did not award restitution to the Victims. It sentenced Dunn, imposed costs, and waived fines.

{¶8}   The Victims appealed.

## II.  Analysis

{¶9}   In their sole assignment of error, the Victims argue that the trial court erred by not awarding them restitution in violation of their rights under Ohio Const., art. I, § 10a(A)(7) and R.C. 2929.28.

### A. Standard of review

{¶10}   This court reviews a nonfelony restitution order for an abuse of discretion. *State v. Haskett*, 2024-Ohio-5933, ¶ 13 (1st Dist.). A trial court abuses its discretion where it acts in an unreasonable, arbitrary, or unconscionable manner. *Id.*, quoting *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 34. A trial court lacks discretion to make errors of law. *Id.*

{¶11}   Appellate courts review issues of constitutional interpretation de novo. *State v. Anderson*, 2025-Ohio-1226, ¶ 24 (5th Dist.).

### B. Restitution

{¶12}   Ohio Const., art. I, § 10a, commonly referred to as "Marsy's Law," was

added to the Ohio Constitution to "give crime victims and their families meaningful and enforceable rights." *City of Centerville v. Knab*, 2020-Ohio-5219, ¶ 13. Among the rights that Marsy's Law provides a victim is the right "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim." Ohio Const., art. I, § 10a(A)(7).

**{¶13}** It is undisputed that the Victims are victims under Marsy's Law and are entitled to restitution under its provisions.

**{¶14}** Marsy's Law does not establish a mechanism for ordering restitution and instead "merely states that a victim may assert his or her constitutional rights in any proceeding involving the underlying criminal act." *Knab* at ¶ 18. So, Ohio's restitution statutes continue to control restitution awards in criminal cases. *State v. Yerkey*, 2022-Ohio-4298, ¶ 12. But Marsy's Law now "imposes a legal duty on the trial court to provide 'full and timely restitution'" in accordance with the applicable restitution statutes. *City of Cleveland v. Rudolph*, 2022-Ohio-2363, ¶ 16 (8th Dist.).

**{¶15}** R.C. 2929.28, which governs restitution after a misdemeanor conviction, provides that "the trial court may order the defendant to pay restitution 'to the victim . . . in an amount based on the victim's economic loss.'" *Haskett*, 2024-Ohio-5933, at ¶ 14 (1st Dist.), quoting R.C. 2929.28(A)(1). "Economic loss" is "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L). The victim seeking restitution has the burden of establishing the amount of restitution by a preponderance of the evidence. *State v. Folson*, 2023-Ohio-55, ¶ 10 (1st Dist.); *Haskett* at ¶ 15.

**1. There was no evidence that Dunn is unable to pay restitution**

**{¶16}** Dunn argues that the trial court did not abuse its discretion because R.C. 2929.28(B) permits a sentencing court to waive restitution based on a defendant's

inability to pay restitution.

{¶17} Under R.C. 2929.28(B), a trial court may hold a hearing to determine whether an offender has the ability to pay restitution, or if the offender likely will be able to pay in the future. "If the court determines that the offender is indigent and unable to pay the financial sanction or court costs, the court shall consider imposing and may impose a term of community service . . . in lieu of imposing a financial sanction or court costs." R.C. 2929.28(B).

{¶18} Dunn never raised her inability to pay as an issue below. In fact, she asserted several times that she could pay restitution and was willing to do so. Instead, the trial court disbelieved her without holding a R.C. 2929.28(B) hearing to determine Dunn's ability to pay restitution. The trial court lacked any basis to conclude that Dunn could not afford to pay the restitution award. *See State v. Dupuis*, 2013-Ohio-2128, ¶ 42 (6th Dist.) ("[I]ndigency 'does not prevent imposition of financial sanctions, including restitution.'"). The trial court erred in declining to award restitution based on Dunn's inability to pay because the trial court lacked any basis to conclude that Dunn could not pay restitution.

{¶19} Arguing that Marsy's Law supersedes any statute allowing a reduction in a restitution award based on a defendant's inability to pay, the Victims assert that Dunn has no right to a hearing regarding her ability to pay. But because the trial court has not made a proper determination regarding Dunn's ability to pay, we need not resolve the issue of whether Marsy's Law supersedes R.C. 2929.28(B). *See State v. Queen*, 2020-Ohio-618, ¶ 12, fn. 1 (3d Dist.) (explaining that because "we have determined that the defendant has the ability to pay," the trial court's R.C. 2929.19(B)(5) analysis did not interfere with the victim's Marsy's Law rights and "[i]n

the absence of such a conflict, we do not need to further consider the effect that Marsy's Law has on the operation of R.C. 2929.18(A)(1) or R.C 2929.19(B)(5).").

## 2. We will not evaluate evidence in the first instance

{¶20} Dunn also argues that this court should affirm the trial court's judgment because the Victims failed to present competent credible evidence supporting their restitution request. Dunn acknowledges that she did not challenge the amount of restitution awarded below, but she argues that a judgment that is correct for a different reason than that relied on by the trial court should be affirmed on appeal. *See State v. Hinsch*, 2024-Ohio-4984, ¶ 34 (1st Dist.); *see also* App.R. 3(C)(2) (allowing appellees to defend a trial court's order "on a ground other than that relied on by the trial court" without filing a cross-appeal provided they do not seek to change the order).

{¶21} The Victims counter that it would be improper for this court to consider the issue in the first instance because the trial court did not make any findings relevant to the restitution amount. As discussed above, Dunn did not contest restitution below. In fact, she appeared to specifically decline a restitution hearing when her counsel stated, "I could set this for a restitution hearing, I guess, but Ms. Dunn is more interested in being released . . . and paying restitution, your honor."

{¶22} The trial court did not hold an evidentiary hearing below, so we decline to evaluate the limited record in this case. Generally, an appellate court will not resolve factual issues not reached by the trial court. *See State v. Russell*, 2017-Ohio-7923, ¶ 8 (9th Dist.) (remanding for trial court to determine if defendant was "in custody" and required *Miranda* warnings); *Mulholland v. Paul*, 120 Ohio App. 59, 61 (1st Dist. 1963) ("appellate jurisdiction does not authorize this court to conduct a trial on issues of fact unless such a trial has been had in the court of first instance.").

{¶23} Appellate courts may, in some circumstances, resolve factual disputes

in the first instance, but "'factual conclusions reached by a Court of Appeals must be based upon *evidence in the record*.'" (Emphasis added.) *Cincinnati Gas & Elec. Co. v. Chevrolet*, 2003-Ohio-1367, ¶ 19 (1st Dist.). While the rules of evidence do not apply at restitution hearings, courts have held that some type of evidence must support the award. *See State v. Reynoso*, 2025-Ohio-3119, ¶ 25 (11th Dist.); *see also State v. Thomas*, 2025-Ohio-4534, ¶ 35 (11th Dist.) (discussing the types of evidence a victim might submit to prove a restitution award).

**{¶24}** Here, neither party submitted evidence to the trial court and we will not resolve factual disputes without any evidence in the record.

### 3. The Victims may have been compensated by a third-party and may have insurance coverage

**{¶25}** Because we remand this matter to the trial court for further consideration of the Victims' restitution request, in the interest of judicial economy, we pause to note that it appears the Victims may have been compensated by a third-party and owned an insurance policy that would pay for damage to their vehicle.

#### a. Third-Party reimbursement

**{¶26}** "[W]here a victim has been fully reimbursed by a third party, a trial court errs by granting restitution to the victim that 'would result in an impermissible windfall and would frustrate the purposes of restitution.'" *Haskett*, 2024-Ohio-5933, at ¶ 18 (1st Dist.), quoting *State v. Thornton*, 2017-Ohio-4037, ¶ 20 (1st Dist.). Further, a trial court may not award restitution to a third-party not named as a victim in the case. *See State v. Adams*, 2019-Ohio-3597, ¶ 14 (1st Dist.).

**{¶27}** In her victim-impact statement, C.H. said that she borrowed money from her sister to buy a car to replace the car Dunn had stolen and crashed. She explained, "If [Dunn] was ordered to pay restitution, it would be wonderful to

8

reimburse my sister for the money she lent me."

{¶28} There is no evidence in the record indicating the cost of the replacement vehicle, the amount of money that the Victims received from C.H.'s sister, or under what terms C.H.'s sister provided that money, such as whether and when the Victims had to repay the money. On remand, the trial court should establish whether the circumstances require it to reduce the restitution award based on a third-party reimbursement.

### b. *R.C. 2929.281(A)'s reductions for insurance payments*

{¶29} R.C. 2929.281(A) provides that restitution awards "shall be reduced by any payments to the victim for economic loss made *or due* under a policy of insurance or governmental program." (Emphasis added.) In other words, the statute requires a trial court to reduce a restitution award for both realized and potential insurance payments, even if the victim had not been paid by the insurer at the time of the hearing.

{¶30} We pause to acknowledge that a victim's insurance premiums may increase due to the insured making a claim on the policy. But the General Assembly made the choice to require trial courts to reduce restitution awards for any payments "due" under an insurance policy. This court cannot rewrite the statute—only the General Assembly can do that.

{¶31} The Victims cite *Haskett*, 2024-Ohio-5933, at ¶ 20 (1st Dist.), pointing out that this court held that crime victims cannot be compelled to file insurance claims. We note that the *Haskett* court specifically acknowledged R.C. 2929.281(A), but it observed that neither party had cited that statute. *Id.* at ¶ 22, fn. 1. Because neither party cited R.C. 2929.281(A), this court did not consider that provision's effect on its analysis. *Id.*

{¶32} Unlike the defendant in *Haskett*, Dunn specifically cites R.C.

2929.281(A) and argues that it requires the trial court to reduce a restitution award based on a victim's insurance. But while the trial court stated that the Victims "ha[ve] insurance" and the entry denying restitution reflects that the denial was based on the Victims having insurance, the record contains no evidence of an insurance policy.

{¶33} On remand, at the restitution hearing, the trial court should permit the parties to present evidence about any insurance policy the Victims maintained that covered their vehicle, such as the existence of such a policy, its limits, insurance payments due under the policy, whether the Victims' making a claim will cause them economic loss, or any other evidence relevant to how the existence of an insurance policy covering the vehicle affects restitution.

### *III. Conclusion*

{¶34} We sustain the Victims' assignment of error, reverse the trial court's judgment, and remand the cause for further proceedings.

Judgment reversed and cause remanded.

**NESTOR** and **MOORE, JJ.,** concur.