# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250381 |
| | | TRIAL NO. 24/TRC/29913/A |
| Plaintiff-Appellee, | : | |
| and | : | |
| | | *JUDGMENT ENTRY* |
| VICTIM M.L., | : | |
| Appellant, | : | |
| vs. | : | |
| ADAM WINKLE, | : | |
| Defendant-Appellee. | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed to Appellee Winkle.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 4/15/2026 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *State v. Winkle*, 2026-Ohio-1365.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                      |   |                          |
|----------------------|---|--------------------------|
| STATE OF OHIO,       | : | APPEAL NO.  C-250381     |
|                      |   | TRIAL NO.   24/TRC/29913/A |
| Plaintiff-Appellee,  | : |                          |
| and                  | : |                          |
|                      |   | *O P I N I O N*          |
| VICTIM M.L.,         | : |                          |
| Appellant,           | : |                          |
| vs.                  | : |                          |
| ADAM WINKLE,         | : |                          |
| Defendant-Appellee.  |   |                          |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 15, 2026

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Joseph M. Cossins*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ohio Crime Victim Justice Center* and *Morgan Galle,* for Victim-Appellant,

*Alana Van Gundy*, for Defendant-Appellee.

**NESTOR, Judge.**

{¶1} Victim-appellant M.L. appeals the trial court's denial of her restitution request. Because M.L. presented competent, credible evidence from which the court could determine restitution, we reverse the trial court's judgment as it relates to restitution only and remand the cause for the trial court to conduct a restitution hearing.

## I. Factual and Procedural History

{¶2} While driving under the influence of alcohol, defendant-appellee Adam Winkle side-swiped multiple cars. Winkle pleaded guilty to operating a motor vehicle while under the influence of alcohol or drugs, no contest to failing to reinstate his license, and no contest to operating a vehicle without being in reasonable control.

{¶3} M.L. owns one of the cars Winkle damaged. The trial court discussed restitution at Winkle's sentencing hearing, but did not hold a separate restitution hearing. At sentencing, Winkle indicated that he had agreed to pay restitution directly to M.L.'s insurance company.

{¶4} M.L. did not appear at the sentencing hearing. She submitted her restitution request via a victim impact statement. In the statement, M.L. requested restitution to cover a $500 insurance deductible. The victim impact statement includes an insurance claim and a statement from M.L. stating that she paid the deductible.

{¶5} The State indicated that it did not believe restitution could be ordered, because "insurance is paying that already[.]" The trial court agreed, and declined to order restitution, citing concerns about double recovery because M.L. was already recovering through insurance.

{¶6} M.L. appealed. Initially, the trial court did not transmit the victim

impact statement to this court. We remanded the cause so that the trial court could supplement the record. The trial court did so on February 27, 2026. Having now reviewed the entire record, including the victim impact statement, we proceed to the merits.

## II. Analysis

{¶7} In one assignment of error, M.L. asserts that the trial court erred by failing to order restitution under Ohio Const., art. I, § 10a(A)(7) and R.C. 2929.28.

### A. Standard of Review

{¶8} We review nonfelony restitution orders for an abuse of discretion. *State v. Dunn*, 2026-Ohio-241, ¶ 10 (1st Dist.), citing *State v. Haskett*, 2024-Ohio-5933, ¶ 13 (1st Dist.). An abuse of discretion occurs when the trial court acts in an "'unreasonable, arbitrary, or unconscionable' manner." *Haskett* at ¶ 13, citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 34. Trial courts lack discretion to commit errors of law. *Id.*, citing *Johnson* at ¶ 39.

### B. The State's Role

{¶9} We pause to consider the State's role in representing victims' restitution rights in the trial court, and how that role affects victims' rights on appeal.

{¶10} "To preserve the issue for appeal, either the State or the victim must request restitution before the trial court." *State v. Godfrey*, 2025-Ohio-1575, ¶ 131 (1st Dist.). In this case, the prosecutor did not specifically object to the trial court's failure to award M.L. restitution, as the prosecutor believed that the trial court could not order restitution because M.L. was recovering through insurance.

{¶11} However, as explained below, even if a victim is recovering through insurance, that recovery does not prohibit a victim from recovering the loss of an insurance deductible the victim has paid. Nevertheless, whether the State's

misrepresentation here constituted a misunderstanding of the facts or a misunderstanding of the law does not affect M.L.'s ability to contest the trial court's failure to award her restitution on appeal because "[v]ictims have a right to appeal the issue of restitution." *Godfrey* at ¶ 131, citing Ohio Const., art. I, § 10a(B).

{¶12} This court considered a similar situation in *State v. Morales*, 2023-Ohio-2459, ¶ 14-15 (1st Dist.). In *Morales*, the defendant crashed his car into a car driven by the victim. *Id.* at ¶ 1. The victim did not seek restitution via representation by the prosecutor. *Id.* at ¶ 14. Instead, the victim sought restitution by making a request in a victim impact statement. *Id.* at ¶ 15. The victim did not appear in court. *Id.* at ¶ 14. The trial court awarded restitution based on the victim impact statement. *Id.* at ¶ 4.

{¶13} On appeal to this court, the defendant argued that "despite the sentencing report indicating that [the victim] requested restitution, the request was insufficient as it contained only boilerplate language, and [the victim] never appeared in court and failed to immediately submit verifying receipts." *Id.* at ¶ 14.

{¶14} This court held that because the victim "provided the court with appropriate documents that contained information about the restitution . . . sought" and "requested restitution in [the] victim impact statement" the "request for restitution satisfied any necessary requirements." *Id.* at ¶ 15.

{¶15} The *Morales* case supports our conclusion today that even though the prosecutor did not directly object to the court's failure to award M.L. restitution, that failure to object does not limit M.L.'s appellate rights.

### C. Restitution

{¶16} R.C. 2929.28(A)(1) permits a trial court to order the defendant to pay restitution "to the victim . . . in an amount based on the victim's economic loss."

5

*Haskett*, 2024-Ohio-5933, ¶ 14 (1st Dist.), quoting R.C. 2929.28. R.C. 2929.01(L) defines "economic loss" as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." "Restitution is limited to the 'actual loss caused by the defendant's criminal conduct.'" *Haskett* at ¶ 14, quoting *State v. Martin*, 140 Ohio App. 3d 326, 337 (4th Dist. 2000).

**{¶17}** If a victim has insurance that covers damage caused by the defendant, then restitution should be set at the amount of the deductible, rather than the amount of the damage. *Id.* at ¶ 17.

**{¶18}** Here, M.L. submitted documentation suggesting that she incurred a $500 insurance deductible as a result of Winkle's conduct. Even though Winkle indicated that he paid M.L.'s insurance company directly, the evidence suggests that M.L. still suffered economic loss by paying her deductible. If, after conducting a restitution hearing, the trial court determines that that is indeed the case, M.L. would be entitled to restitution in the amount of her deductible. A victim who has paid a deductible should be compensated for the amount paid.

**{¶19}** At oral argument, Winkle conceded that if the victim impact statement contained evidence suggesting a deductible payment, the proper remedy would be to remand for a restitution hearing. Having found such evidence, we sustain M.L.'s assignment of error and remand the cause to the trial court.

### III. Conclusion

**{¶20}** M.L.'s assignment of error is sustained. The judgment is reversed as it relates to the trial court's restitution determination. We remand the cause to the trial court for the limited purpose of holding a restitution hearing to determine the amount of restitution to which M.L. is entitled.

Judgment accordingly.

**KINSLEY, P.J.,** and **MOORE, J.,** concur.